IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>STANDING OVATION RENNOVATIONS, LLC,<br><br>    Debtors. | CASE NO. 22-52645-WLH<br><br>CHAPTER:  7<br><br>JUDGE:  WENDY L. HAGENAU |
| NUBRIDGE COMMERCIAL LENDING LLC,<br><br>    Movant,<br>v.<br><br>STANDING OVATION RENNOVATIONS, LLC, Debtor,<br>NEIL C. GORDON, Trustee,<br><br>    Respondent(s). | CONTESTED MATTER |

**MOTION TO CONFIRM NO STAY IN PLACE,
TO ANNUL THE AUTOMATIC STAY NUNC PRO TUNC
AND DEEM FORECLOSURE SALE VALID, AND
<u>REQUEST FOR A FINDING PURSUANT TO 11 USC SECTION 362(d)(4)(A)</u>**

COMES NOW NuBridge Commercial Lending LLC (the "Movant") and files this Motion to Confirm No Stay in Place, or in the alternative to Annul the Automatic Stay Nunc Pro Tunc to Deem Foreclosure Sale Valid, or in the alternative Relief from the Stay, and also Request for a Finding Pursuant to 11 USC §362(d)(4)(A).  Movant seeks an Order deeming there is no Automatic Stay in place as to Movant nor Movant's collateral, or in the alternative deeming Movant's foreclosure sale valid to the extent it is otherwise valid under Georgia law and the contract to which the collateral is subject.  In addition, Movant seeks an Order finding that this case was filed as part of a scheme to delay, hinder and/or defraud Movant and its ability to foreclose and take possession of the real property.

## I. STATEMENT OF FACTS

On or about December 2, 2020, Alvarez Investment Group LLC ("Alvarez") executed, *inter alia*, a Promissory Note in the principal sum of $9,637,500.00, a Loan and Security Agreement, a Holdback Agreement, and a Guaranty (collectively the "Loan"), which was made payable to Movant, and which matured on December 1, 2021. See attached Exhibit A.

The Loan is secured by a Deed to Secure Debt, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Security Deed") encumbering the real property located at 3751 Martin Luther King Jr. Dr. SW, Atlanta, GA 303331 (the "Property") and duly recorded in the real property records of Fulton County, Georgia at Deed Book 62744, Page 478. See attached Exhibit B.

Alvarez failed to repay the Loan in full by the maturity date, and the Loan went into default as a result. On April 5, 2022, Movant concluded a non-judicial foreclosure sale in accordance with the Security Deed and Georgia law. The Property was purchased at the foreclosure sale by a disinterested third party for the sum of $9,927,958.26; the funds from which are currently being held by Movant pending the outcome of this Motion. On the evening of April 4, 2022 and again on the morning of April 5, 2022 prior to the sale, Movant's counsel had conducted a PACER search for any bankruptcy cases filed by Alvarez, with no results. At the time the sale was conducted neither Movant nor Movant's counsel were aware of the presently filed bankruptcy nor the attempted conveyance of the subject property described below.

Movant's counsel (via a legal assistant to the Supervising Partner identified below) received telephone calls on the morning April 5, 2022 from an unknown party who did not identify herself, inquiring about the status of the foreclosure sale. This person also did not identify herself as an attorney, nor as counsel on behalf any entity, nor did she state that any bankruptcy case had

been filed with respect to the Property (even though, at the time of such calls, Debtor's counsel had already filed the instant case). On April 8, 2022, three days after the foreclosure sale, Charles B. ("Chuck") Waters, Jr., a Supervising Partner with Movant's counsel, received an email from Ravena B. Lottie stating that a bankruptcy petition had been filed in the name of Standing Ovation Renovations, LLC (the "Debtor"), an entity with which Movant has no privity, and also alleging that the Debtor has an interest in the Property. Ms. Lottie stated in her email that it was she who had called Movant's counsel on April 5, 2022. Ms. Lottie attached to the email an image of a payment receipt purportedly for a quitclaim deed presented by Alvarez and recorded with the Fulton County Clerk of Superior Court on April 4, 2022. See attached Exhibit C. Movant's counsel requested a copy of the actual quitclaim deed from Ms. Lottie via email to no avail, but were able to procure a copy on April 11, 2022 after the Clerk's authority had made the deed electronically available. The quitclaim deed is attached to this Motion as Exhibit D.

The quitclaim deed attempts to transfer the interest in the Property held by Alvarez to Alvarez and "Standing Ovation renovation llc" in exchange for $1.00 of consideration. The quitclaim deed is attested by one unofficial witness and acknowledged by a notary public. The quitclaim deed was not attested by two witnesses as required by Georgia law.

Movant had no prior knowledge of the attempted transfer from Alvarez to Debtor and did not consent to the attempted transfer. The attempted transfer attempted to be made by Alvarez through the quitclaim deed was without Movant's written consent in violation of Section 5(w)(1)(A) of the Loan and Security Agreement. See attached Exhibit A.

At 2:30 a.m. on April 5, 2022, Standing Ovation Rennovations, LLC filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code, and was assigned Bankruptcy Case No. 22-52645-wlh. On its Schedules the Debtor lists an interest in the Property valued at $8,500,000.00.

The Debtor lists no other assets in its Schedules. The Debtor lists a first mortgage on the Property owed to Movant and a second mortgage on the Property owed to "Edgar Nelson, Inc." The Debtor lists no other debts in its Schedules.

## II.    LEGAL ARGUMENTS

**A.    THE PROPERTY IS NOT PART OF THE DEBTOR'S BANKRUPTCY ESTATE AND MOVANT DOES NOT HOLD A CLAIM AGAINST THE DEBTOR**

The Property is not part of the Debtor's Bankruptcy Estate. The Bankruptcy Code defines "property of the estate" to include "all legal and equitable interests of the debtor in property as of the commencement of the case." *11 U.S.C. § 541(a)*. While the issue of what constitutes "property of the estate" under § 541(a) is a federal one, property rights are defined by state law. Butner v. United States, 440 U.S. 48, 55, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979). Under Georgia law, a deed conveying title in real property, "must be attested by two witnesses, and at least one of them needs to be an official such as a notary or court clerk." In re Lindstrom (USCA11 Case No. 20-13615, D.C. Docket No. 1:19-cv-03979-MLB) (2022); See also *O.C.G.A*. § 44-2-15. The Court in *In re Lindstrom* provided, "When it comes to property deeds, an *attestation* is 'the act of witnessing the actual execution of a paper and subscribing one's name as a witness to that fact'" Id., quoting White & Co. v. Magarahan, 87 Ga. 217, 219 (1891). On the other hand, the term *acknowledgment* is, "the act of a grantor in going before some competent officer and declaring the paper to be his deed." Id. Attestation, therefore, is a different legal act than acknowledgment. In *In re Lindstrom*, the Eleventh Circuit held that a Georgia deed was invalid on its face because it was only witnessed by one unofficial witness and acknowledged before a notary public; the Court provided, "The attorney was a notary, but he failed to attest the deed. And his certification of Lindstrom's

acknowledgment was not enough to make the deed valid." Id.

In the instant case, the quitclaim deed which attempted to transfer an interest in the Property to the Debtor was only *attested* by one unofficial witness, and was *acknowledged* before a notary public. The quitclaim deed was not attested by a second, official witness, and is therefore invalid on its face under Georgia law. Because the quitclaim deed is invalid on its face, the Debtor possesses no interest in the Property and the Property is not part of the Debtor's Bankruptcy Estate.

Movant does not hold a claim against the Debtor. The Bankruptcy Code defines the term "claim" as a, "(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured." *11 U.S.C. § 101(5).* The Debtor is not a party to the Loan nor the Security Deed. Movant has no privity with the Debtor, and thus Movant does not hold a claim against the Debtor under § 101(5).

Because the Property is not part of the Debtor's Bankruptcy Estate, and because Movant does not hold a claim against the Debtor, the Automatic Stay of 11 U.S.C. § 362(a) does not apply to the Property nor to Movant. Movant seeks an Order confirming there is and was as of the Petition date no Stay in place as to the Property nor to Movant.

B.    **CAUSE EXISTS TO ANNUL THE AUTOMATIC STAY NUNC PRO TUNC**

In the event the Court finds that the Automatic Stay is in place as to Movant or the Property in this case, Movant argues in the alternative that cause exists to annul the Automatic Stay nunc pro tunc. The Eleventh Circuit has concluded that actions taken in violation of the automatic stay

of 11 U.S.C. Section 362(a) are void, but may be validated through annulment of the stay pursuant to 11 U.C.C. Section 362(d).  In re Albany Partners, Ltd., 749 F.2d 670, 675 (11th Cir. 1984). The Ninth Circuit has also found that, "To the extent that jurisdiction [of Section 362(d)] describes a statutory grant of authority to adjudicate a matter or exercise a power, it is absolutely clear that Congress expressly gave such power, including the power retroactively to grant relief, to bankruptcy courts." Merriman v. Fattorini (In re Merriman) 616 B.R. 381, 393 (B.A.P. 9th Cir. 2020). Congress granted the bankruptcy courts the, "broadest possible range of options in respect of the stay, including annulling it, which has the effect of treating it as if it had never existed." Id. In determining whether annulling the automatic stay is appropriate, this Court has considered 1) whether Movant was aware of the bankruptcy filing when it conducted the foreclosure sale; 2) whether Debtor's conduct in the instant case and prior cases with respect to the loan secured by the subject property has been inequitable; and 3) whether there is equity in the Property that could benefit either Debtor or Bankruptcy Estate.  In re Howard, 391 B.R. 511 (Bankr. N.D. Ga. 2008).

In consideration of the foregoing, annulment of the automatic stay is appropriate in this case.  First, Movant was not aware of the instant bankruptcy filing at the time the foreclosure sale was held. Alvarez, the borrower on the Loan, did not file bankruptcy. Movant has no privity with the Debtor, and so Movant had no reason to conduct a PACER search of the Debtor prior to the foreclosure sale. It was not until April 8, 2022 that Debtor's counsel informed Movant's counsel that the Debtor allegedly had an interest in the Property, and that the Debtor had filed a bankruptcy case.

Further, the conduct of Alvarez and the Debtor with respect to the Loan warrants annulment of the automatic stay. First, the Debtor attempted to accept a transfer of the interest in the Property on the literal eve of filing a liquidation-style Chapter 7 bankruptcy case. Debtor filed this case on

the eve of a foreclosure sale and mere hours after acquiring the Property in exchange for little or no consideration. The Debtor's Schedules list no assets other than the Property. The Debtor's Schedules list no creditors other than those creditors having a security interest in the Property, including Movant as the first mortgage holder and "Edgar Nelson, Inc." as the second mortgage holder. The lack on the Debtor's Schedules of any assets and debts *not* associated with the Property indicates that the Debtor would have listed $0.00 assets and $0.00 debts on its Schedules had the Debtor not allegedly acquired an interest in the Property. Debtor has no privity with Movant. So the Debtor, who otherwise has zero assets and zero liabilities, agreed to acquire in exchange for only $1.00 of consideration a multi-million dollar property which was scheduled for foreclosure on the following date, and then immediately filed a bankruptcy case. This conduct clearly demonstrates that the Debtor filed bankruptcy for no other reason than to hinder, delay, and defraud Movant in its efforts to foreclose on the Property, while attempting to spare Alvarez from subjecting itself to the Bankruptcy Court. Based on the foregoing, it is apparent this case was filed to hinder, delay, and thwart Movant's foreclosure.

  With respect to equity, Movant asserts that there is none. Movant's claim totals approximately $10,000,000.00 as a first mortgage, and as the Debtor's schedules indicate, there is a second mortgage on the property in the approximate amount of $6,000,000.00, totaling an estimated $16,000,000.00 in secured liabilities against the Property. The highest bid on the Property at the foreclosure sale was $9,927,958.26. Accordingly, there appears to be little to no equity that would be of benefit to the Bankruptcy Estate. Moreover, the Debtor's Schedules list no unsecured creditors who might benefit from liquidation of the Property. Indeed, the only creditors listed in this case are those who have a security interest in the Property. Furthermore, the Debtor is not an individual, so is not eligible for a discharge under 11 U.S.C. § 727(a). For all of these

reasons, there is no equity in the Property which could benefit the Debtor or the Bankruptcy Estate.

In considering the above, Movant respectfully requests that this Court annul the Automatic Stay nunc pro tunc such that the foreclosure sale is valid to the extent valid under State Law.

C. **THIS CASE WAS FILED AS PART OF A SCHEME TO DELAY, HINDER AND/OR DEFRAUD MOVANT AS CONTEMPLATED BY 11 U.S.C. 362(d)(4)(A)**

For the reasons stated above, Movant asserts that this case was filed as part of a scheme to delay, hinder or defraud Movant with respect to its efforts to foreclose on the Property involving an attempted transfer in property interest without the consent of Movant. Debtor in the instant case is not a party to the loan. The attempted transfer was in consideration of only $1.00, which seems unreasonable in light of the Property value. Movant did not have prior knowledge of the attempted transfer, and Movant did not consent to the attempted transfer. Not only was there an unauthorized attempted transfer in property interest to a party in which Movant has no privity, the attempted transfer occurred on the eve of foreclosure and on the eve of bankruptcy.

Movant seeks a finding to this effect such that upon recording of the Order in the County Property Records the Order will be binding and no automatic stay will arise as to Movant, its successors and assigns, in any other bankruptcy case filed by a party claiming an interest in the Property for a period of two years from the date of Order entry. Movant asserts that, absent the Court granting this extreme relief, Debtor and the borrower, Alvarez, will continue to employ these tactics to thwart its efforts to recover its collateral.

WHEREFORE, Movant respectfully prays that the Court:

1. Hold this Case open pending a hearing and adjudication of this Motion;

2. Enter an Order Confirming No Automatic Stay is in place as to Movant nor the Property;

3. In the alternative, enter an Order Anulling the Automatic Stay nunc pro tunc;

4. That the Court deem valid the foreclosure sale to the extent it is otherwise valid under Georgia law and the contract to which the Property is subject;

5. Find that this case was filed as part of a scheme to delay, hinder and/or defraud as contemplated under 11 USC §362(d)(4)(A);

6. That Rule 4001(a)(3) be waived; and

7. Award any other relief that the Court deems just and proper.

Evan Durkovic, Bar No.: 948332
Attorney for Movant
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (619) 590-1385
Email: edurkovic@aldridgepite.com