UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>**STANDING OVATION RENOVATIONS, LLC,**<br><br>                      **Debtor.** | Chapter 7<br><br>Case No. 22-52645-WLH |

### EMERGENCY MOTION TO SUSPEND OR DISMISS BANKRUPTCY CASE

COMES NOW Standing Ovation Renovations, LLC (the "**Debtor**"), by and through its undersigned counsel, and respectfully moves the Court for entry of an order suspending, or, in the alternative, dismissing the case. In support thereof, the Debtor states as follows:

1. The Debtor filed its voluntary petition for relief under chapter 7 of title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") on April 5, 2022 (the "**Petition Date**").

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pre-petition, the Debtor's co-owner entered into a sale contract with 2 Big Legacy, LLC (the "**Purchaser**") for the Debtor's real estate asset, 3751 Martin Luther King Drive SW, Atlanta, GA 30331 (the "**Property**"), which was subsequently amended to require closing by June 1, 2022. *See* the Commercial Purchase and Sale Agreement attached hereto as **Exhibit B** and incorporated herein by reference.

4. The purchase price for the Property is $17 million (the "**Purchase Price**"), $5 million of which has been directly funded by the Purchaser. The remaining $12 million (the "**Financing**") has been funded by the Purchaser's lender, Legacy Lending, LLC (the "**Lender**")

1

and is in the process of being wired to the closing attorney's IOLTA account. *See* the Declaration of Closing Attorney attached hereto as **Exhibit A** and incorporated herein by reference. *See also* Declaration of Debbie Farrell, broker for the Lender, attached hereto as **Exhibit C** and incorporated herein by reference. The sale is ready to close immediately. *See* **Exhibit A**.

5. Should the closing not proceed by Thursday, May 26, 2022, the Lender may recall the Financing and the closing will be canceled. *See* **Exhibit C**.

6. The Purchase Price is sufficient to pay all liens on the Property. Upon information and belief, NuBridge Commercial Lending, LLC ("**NuBridge**"), the senior lienholder, will consent to the sale if its claim is paid in full. Edgar Nelson, Inc., the junior lienholder, also has consented to the sale of the property. See Declaration of Oluremi Oshikanlu, the President of Edgar Nelson, Inc. attached hereto as **Exhibit D** and incorporated herein by reference.

7. Further, all other creditors have been paid in full by nondebtor entities. *See* Declaration of Dexter C. Hull attached hereto as **Exhibit E** and incorporated herein by reference.

8. Finally, counsel for the Debtor is holding $50,000 in its IOLTA account to pay any administrative expenses associated with this case, including without limitation the fees of the Chapter 7 Trustee's professionals.

9. Counsel for the Debtor has been in contact with the Lender, the Broker, Edgar Nelson, Inc., counsel for Nubridge, the Closing Attorney and the Chapter 7 Trustee regarding the relief requested in this Motion.

10. Suspension of a Chapter 7 proceeding is governed by 11 U.S.C § 305(a)(1). The Court may "dismiss… or suspend all proceedings in a case at any time if the interests of creditors and the debtor would be better served by such dismissal or suspension."

11. Courts consider the following factors in analyzing a motion for dismissal or suspension under Section 305(a)(1):

> (1) the economy and efficiency of administration; (2) whether another forum is available to protect the interests of both parties or there is already a pending proceeding in state court; (3) whether federal proceedings are necessary to reach a just and equitable solution; (4) whether there is an alternative means of achieving an equitable distribution of assets; (5) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case; (6) whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and (7) the purpose for which bankruptcy jurisdiction has been sought.

*In re Monitor Single Lift I, Ltd.*, 381 B.R. 455, 464-465 (Bankr. S.D.N.Y. 2008).

12. All applicable factors support suspending this proceeding. Here, suspension would allow for the sale of the Property, which is undoubtedly more efficient than allowing the current Purchaser to lose funding and cancel the closing. There are no other impediments to the consummation of the sale, and the Lender may recall the Financing if the sale is not allowed to close immediately. *See* **Exhibit A** and **Exhibit C**.

13. Further, the sale of the Property adequately protects the interests of both the Debtor and its creditors, as lienholders will be paid in full out of the proceeds, all other creditors have been paid in full, and Counsel for Debtor is holding $50,000 in escrow to pay administrative expense claimants. *See* **Exhibit E**.

14. The proposed suspension and sale allow for an equitable distribution of assets, with all unpaid creditors being paid in full, and the Chapter 7 Trustee's professional's fees being paid upon the resumption of this proceeding. Thus, this federal forum is currently not necessary for a just resolution, and factors three and four both weigh in favor of suspension.

15. The proposed suspension and sale save the estate from having to incur legal fees and save the estate from losing the current Purchaser. Thus, factor five weighs in favor of suspending these proceedings.

16. The sixth factor, the progression of a non-federal insolvency proceeding, is inapplicable to the present case.

17. The seventh factor, the purpose for which bankruptcy jurisdiction has been sought, further weighs in favor of suspending these proceedings. The purpose of these proceedings was proper, and bankruptcy relief was sought to effectuate a sale of the Property and pay creditors. Suspending these proceedings allows for such a sale to occur expeditiously, and creditors to avoid further delay in receiving payment.

18. As an alternative to suspension, both Section 305(a) and Section 707(a) allow for the Debtor to dismiss its own case. Such a dismissal is "governed by equitable principles," and "it is doubtful whether a trustee could successfully object to the proposed dismissal where the bankrupt and all of the creditors consent." *See In re Wolfe*, 12 B.R. 686, 687 (Bankr. S.D. Ohio 1981) (quoting 3 Collier on Bankruptcy (14th Ed.) 662).

19. Further, the "key decision" in determining whether to grant a Debtor's voluntary dismissal "is whether the dismissal is in the best interests of the creditors and the debtor." *In re McCullough*, 229 B.R. 374, 376 (Bankr. E.D. Va. 1999); *See also* 11 U.S.C. § 305(a)(1).

20. As explained above, the Purchaser is in immediate danger of losing funding if the sale is not allowed to close immediately. *See* **Exhibit C**. The current $17 million sale is more than sufficient to pay both secured creditors in full. All other creditors have already been paid in full, and Counsel for Debtor is holding $50,000 in escrow to pay administrative expense claimants. *See* **Exhibit E**.

21.    Suspension or dismissal in this case is appropriate and is in the best interests of the Debtor, as it will allow it to effectuate the sale of the property and pay all remaining creditors in full.

## CONCLUSION

**WHEREFORE,** the Debtor respectfully requests that the Court: (i) enter an order, in the form of the proposed order attached hereto as **Exhibit F** suspending the case (or, in the alternative, dismiss the case); and (ii) grant any such other and further relief as this Honorable Court deems just and proper.

Dated: May 24, 2022                    Respectfully submitted,

**ROUNTREE LEITMAN & KLEIN, LLC**

*/s/ William A. Rountree*
William A. Rountree, Ga. Bar No. 616503
Caitlyn Powers, Ga. Bar No. 856354
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
cpowers@rlklawfirm.com
*Attorneys for the Debtor*

**Exhibit A**
**Declaration of Closing Attorney**

**[To Be Supplemented]**

**Exhibit B**
**Commercial Purchase and Sale Agreement**

**[To Be Supplemented]**

**Exhibit C**
**Declaration of Debbie Farrell**

**[To Be Supplemented]**

**Exhibit D**
**Declaration of Oluremi Oshikanlu**

**[To Be Supplemented]**

**Exhibit E**
**Declaration of Dexter Hull**

**[To Be Supplemented]**

**Exhibit F**
**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 7** |
| **STANDING OVATION RENOVATIONS, LLC,** | **Case No. 22-52645-WLH** |
| **Debtor.** | |

**ORDER GRANTING DEBTOR'S**
**EMERGENCY MOTION TO SUSPEND BANKRUPTCY CASE**

This matter came before the Court on May ___, 2022, for hearing (the "**Hearing**") on the Debtor's Emergency Motion to Suspend or Dismiss the Bankruptcy Case [Doc. ___] (the "**Motion**"). Upon consideration of the Motion, representations of counsel at the Hearing, and all other matters of record; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this chapter 7 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this

matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.[1]

2. The above-captioned bankruptcy case is hereby SUSPENDED pursuant to Section 305(a)(1) to allow Debtor to sell the Property and distribute payoffs to secured creditors.

3. This Order shall be effective immediately upon entry.

4. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

### ### END OF ORDER ###

**Prepared and presented by:**

**ROUNTREE LEITMAN & KLEIN, LLC**
*/s/ William A. Rountree*
William A. Rountree, Ga. Bar No. 616503
Caitlyn Powers, Ga. Bar No. 856354
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
cpowers@rlklawfirm.com
*Attorneys for the Debtor*

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.